IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2012

**STATE OF TENNESSEE v. THOMAS JAMES HEFFNER**

**Appeal from the Criminal Court for Hamilton County**
**No. 277430      Rebecca J. Stern, Judge**

**No. E2012-01420-CCA-R3-CD - Filed January 10, 2013**

The defendant, Thomas James Heffner, appeals the revocation of the community corrections sentence imposed for his Hamilton County Criminal Court conviction of theft of property valued at $10,000 or more but less than $60,000.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Richard Kenneth Mabee (on appeal); and Blake Murchison (at trial), Assistant Public Defenders, for the appellant, Thomas James Heffner.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William H. Cox, III, District Attorney General; and Matthew Rogers, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 9, 2011, the defendant, originally charged (in three separate indictments) with burglary of an automobile, theft of property, possession of cocaine for resale, criminal trespassing, and theft of property valued at $10,000 or more but less than $60,000, pleaded guilty to burglary of an automobile and theft of property valued at $10,000 or more but less than $60,000 in exchange for an effective six-year sentence of split confinement consisting of 11 months and 29 days in jail with the balance of the sentence served on supervised probation.[1]  The remaining charges were dismissed. The defendant also

---

[1]The defendant spent almost one year in jail awaiting disposition of his cases.  Consequently, the
(continued...)

agreed to pay $470.90 restitution in monthly installments of $25.

On May 5, 2011, the trial court issued a violation of probation warrant based upon a report of the defendant's garnering new charges, failing to obtain employment, and failing a drug screen. On October 31, 2011, the defendant conceded the revocation allegations and agreed to serve an additional 11 months and 29 days before returning to supervised probation as part of a plea agreement concerning the new charge.[2]

On March 20, 2012, the trial court issued a second violation of probation warrant based upon a report of the defendant's garnering new charges, failing to notify his probation officer of the new charges, and failing to pay restitution. On April 30, 2012, the trial court revoked the defendant's probation and ordered that he serve the remainder of the sentence in community corrections. *See* T.C.A. § 40-35-311(e)(1)(B) (2006 and Supp. 2009).[3]

On May 17, 2012, the trial court issued a third violation warrant based upon a report of the defendant's failure to report to community corrections supervision, leaving his "arrest house" without permission, and violating curfew.

At the July 2, 2012 hearing, Hamilton County Community Corrections Officer Russell Craig testified that the defendant reported for initial intake on May 2, 2012, and again on May 8, 2012. The defendant, however, failed to report for any other meetings. Mr. Craig explained,

> [The defendant] was on electronic monitoring. Every day he
> was in and out of the house. I'd call his house, I even spoke to

---

[1](...continued)
sentence for the burglary of an automobile conviction had expired prior to the trial court's issuing the revocation warrant in this case.

[2]In conjunction with the plea, the defendant pleaded guilty to a new charge of burglary of an automobile with an agreed two-year split confinement sentence consisting of the service of six months in jail and the remaining portion of the sentence on supervised probation. Per the plea agreement, the trial court ordered a partial revocation of the defendant's probation in the present case and ordered the new sentence to be served consecutively to the sentence in the present case.

[3]Because the transcript of the second revocation hearing was not made a part of the record on appeal, we cannot discern whether that revocation was based upon the defendant's commission of a new offense, which, under this subsection, would have precluded his being resentenced to community corrections. In any event, the defendant does not challenge the imposition of the community corrections sentence.

his mother. [She j]ust couldn't keep him in the house. [We s]ent our home visit officer by to do a home visit on him, and he wasn't at home.

Mr. Craig testified that "we never finished his intake. He came in, he was told the easy part of the program, stay in your arrest house, and he could not do it."

At the hearing, the 18-year-old defendant admitted, "I was wrong," and he apologized for wasting the court's time. Nevertheless, he asked the trial court to return him to community corrections so that he could stay at home to be a role model for his one-year-old brother. He expressed his desire to stay at home, attend school, and find employment.

At the conclusion of the hearing, the trial court told the defendant "three strikes [-] you're out" and ordered the defendant's community corrections sentence revoked on grounds that the defendant failed to adhere to the rules of supervision.

In this timely appeal, the defendant contends that the trial court erred by revoking his community corrections sentence. He essentially contends that he should have been given another opportunity to comply with the conditions of release. The State asserts that the revocation was appropriate.

Our review of a trial court's community corrections revocation is similar to our review of a trial court's probation revocation. *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991). The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Terry Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

If the evidence is sufficient to show a violation of the terms of supervision in a community corrections placement, the trial court may, within its discretionary authority, revoke the community corrections sentence and require the defendant to serve his sentence in confinement "less any time actually served in any community-based alternative to incarceration." *Id.* § 40-36-106(e)(4). Furthermore, when the trial court does not alter "the

-3-

length, terms or conditions of the sentence imposed," *id.* § 40-36-106(e)(2), the court is not required to hold a sentencing hearing. As another option, however, the trial "court may resentence the defendant to any appropriate sentencing alternative, including incarceration . . . . [,and] resentencing shall be conducted in compliance with § 40-35-210." *Id*. § 40-36-106(e)(4); s*ee, e.g.*, *State v. Samuels*, 44 S.W.3d 489, 493 (Tenn. 2001) (observing that the trial court must conduct a sentencing hearing before imposing "a new sentence" following a community corrections revocation).

Here, the defendant admitted that he failed to comply with the conditions of his supervision and begged the trial court's leniency to return him to community corrections supervision. The record clearly establishes the defendant's failure despite being given multiple opportunities to conform his behavior to the probationary requirements. The trial court committed no abuse of discretion by revoking the community corrections sentence and ordering the originally-imposed sentence to be served in confinement.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE